IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 12 CR 190 |
| | ) | Honorable Rebecca R. Pallmeyer |
| ABIDEMI AJAYI | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AJAYI'S COMBINED MOTION FOR JUDGMENT OF ACQUITTAL, MOTION IN ARREST OF JUDGEMENT, AND MOTION FOR A NEW TRIAL**

NOW COMES the Defendant, ABIDEMI AJAYI, by his attorneys, Damon M. Cheronis and Ian M. Barney, and moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 29(c) and 33, and to acquit Ajayi of Counts 1 – 6, or, in the alternative, grant him a new trial. In support thereof, he states the following:

## I. Introduction

On December 6, 2013 Mr. Ajayi was convicted after a jury trial of five counts of bank fraud (Counts 1 – 3 and Count 5 – 6) and one count of money laundering (Count 4) as alleged in the indictment. He was found not guilty of one count of possessing a forged instrument (Count 7). Based on the evidence at trial, this Court should enter a judgment of acquittal. Alternatively, this Court should grant a new trial.

A defendant may raise a post-trial challenge to the sufficiency of the evidence

pursuant to Federal Rules of Criminal Procedure 29 and 33.[1]

Pursuant to Rule 29, a court may make a finding that the evidence is insufficient to sustain a conviction and enter an order acquitting the defendant of any criminal charge. Fed. R. Crim. P. 29. Though the trial judge must consider the evidence in the light most favorable to the government, the motion must be granted when the evidence is so scant that the jury could only speculate as to the defendant's guilt and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt. *United States v. Fearn*, 589 F.2d 1316 (7th Cir. 1978); *United States v. Liefer*, 778 F.2d 1236 (7th Cir. 1985).

Under Federal Rule of Criminal Procedure 33, a judge may also set aside a verdict when that verdict is against the weight of the evidence presented. Fed. R. Crim. P. 33. Under Rule 33, a court has the authority "under its broad power" to "weigh the evidence and consider the credibility of the witnesses." *United States v. Simms*, 508 F. Supp. 1188, 1202 (W.D. L.A. 1980); *citing United States v. Phifer*, 400 F.Supp. 719 (E.D.Pa.1975), *aff'd*, 532 F.2d 747 (3rd Cir. 1976). Motions brought under Rule 33 are "directed to the 'conscience of the court' which must carefully evaluate the inferences and credibility of the evidence to determine whether a miscarriage of justice may have resulted." *Simms*, 508 F.Supp at 1202; *citing United States v. Gross*, 375 F.Supp. 971 (D.N.J.), *aff'd*, 511 F.2d 910 (3rd Cir. 1974), cert. denied, 423 U.S. 924, 96 S.Ct. 266 (1975), 429 U.S. 829, 97 S.Ct. 89 (1976).

---

[1] Ajayi incorporates by reference the record of objections made in written form as well as those made orally in court.

"Should the court find that the verdict is contrary to the evidence, or to its weight, and that a miscarriage of justice has resulted, the court may then set aside the verdict and grant a new trial." *Id.*

**II. Sufficiency of the Evidence**

The following are the bases upon which this Court should overturn Ajayi's convictions pursuant to Federal Rules of Criminal Procedure 29 and 33. Ajayi adopts his oral motion for Rule 29 relief as well as all arguments made to the jury throughout the course of the trial. Additionally, at the close of the government's case, the Court reserved ruling on Ajayi's Rule 29 motion.

This Court should grant Ajayi's motion for Rule 29 relief. At the close of the government's case there was insufficient evidence, even taken in a light most favorable to the government, that Ajayi was guilty of the charged crimes.

The evidence at trial proved that a check issued by American Building Maintenance Company went missing somewhere in Texas. The check was then altered and ended up in the possession of Mr. Ajayi. Thereafter, the check was deposited into a GRIcon account controlled by Ajayi before money was withdrawn and wired to another account.

The record is devoid of evidence that Ajayi was involved in the procurement of the check in Texas or was in any way involved in its alteration. Moreover, nothing from the face of the check would have put Ajayi on notice that the check was altered.

The crux of every count of conviction centers on the fact that Ajayi acted knowingly, and for counts 1 through 5 that he acted with the intent to defraud – that he knew the check was altered and that he defrauded a financial institution by depositing the knowingly altered check into his account. There was simply no evidence produced in the government's case-in-chief that supported the contention that Ajayi engaged in any of the acts knowingly. More specifically, there was no evidence that linked Ajayi to the theft or alteration of that check. And if Ajayi did not know that the check was stolen and altered, then he could not have acted with the intent to defraud. That is, Ajayi must have known that the check was not legitimately issued to him in order to have acted with fraudulent intent. There was simply no evidence that that was the case. Rather, the government's case relied on the speculative theory that Ajayi *should have known* that something was amiss with the check. Even if Ajayi should have known, the evidence fell well short of proving that he *knew* and acted *with the intent to defraud*, which the government was required to prove.[2] Because the evidence was insufficient to establish Mr. Ajayi's intent to defraud, even in a light most favorable to the government, this Court should enter a judgment of acquittal.

Alternatively, taking the evidence as a whole, including Mr. Ajayi's testimony, the Court should enter judgment if acquittal. Mr. Ajayi testified that he

[2] This is also applicable to the money laundering count as 18 USC 1957(a) holds criminally liabl**e,** whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity. There was no evidence relating to Mr. Ajayi's intent to defraud and there was no proof that he was aware that the money at issue was derived from *specified* unlawful activity.

met an individual named Charles Brown aka Chaka on an international flight in November 2009. During this encounter Brown showed an interest in Ajayi's business venture and proposed an investment.

Upon returning to his home in Calumet City, Ajayi received an overnight envelope from Mr. Brown that included a check for $334,657.84. The check was made to GRIcon and was for an amount well in excess of the initially discussed investment. Ajayi called Brown who instructed Ajayi to deposit the check. Over the next several days Ajayi withdrew funds and used the money to repay Brown who had arrived in Chicago. Additionally, at Brown's instruction, Ajayi wired approximately $53,000 to an Amelia Grenados. Ajayi testified that he was under the impression Brown was a legitimate businessman and that he had no idea that the check was altered. The government failed to prove any connection between Ajayi and Grenados. Ajayi introduced exhibits into evidence to support the fact that he had put together a plan to purchase MRI equipment.

At the close of the case the jury was instructed that:

> If the defendant acted in good faith, then he lacked the intent to defraud required to prove the offenses of bank fraud and money laundering charged in the Indictment. The defendant acted in good faith if, at the time, he honestly believed the validity of that which the government has charged as being fraudulent.
>
> The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with intent to defraud as charged in the indictment.

The government failed to prove that Ajayi was acting with the intent to defraud. While his actions may be viewed as naïve, they fell far short of proof beyond a reasonable doubt and this court should enter judgments of acquittal.

**III. Motion for a New Trial Pursuant to Rule 33**

The Court erred in sustaining the government's objections to certain emails that Mr. Ajayi sought to introduce into evidence at trial. Specifically, Mr. Ajayi's defense was grounded in the notion that he was involved in a legitimate business to procure MRI equipment for sale in Africa. More specifically, Mr. Ajayi offered the emails to show that he was in contact with individuals discussing the purchase price of MRI equipment. That emails ultimately tended to show that when Ajayi deposited the check at issue into his GRIcon account and withdrew cash from that account, he was not acting with the intent to defraud. The Court excluded these emails after concluding that they were not relevant. The Court ruled they were not relevant because they were not directly linked to the investor that Ajayi testified had offered money for his MRI business.

Evidence is relevant if it has "any tendency to make a face more or less probable than it would be without the evidence" and the fact is of consequence. F.R. Evid. 401.

Though the Court was correct that the emails did not *directly* involve the purported investor, Ajayi sought to offer the emails as proof of legitimate correspondence between Ajayi and a company that sold MRI equipment. The emails would have supported Ajayi's theory that he connected with a purported investor

who sent him the check at issue because the emails supported the idea that Ajayi was operating a legitimate business. The emails tended to shed light on Ajayi's state of mind because they would have helped to establish that he was engaged in legitimate business activity. The proof of a legitimate business venture it would have bolstered his testimony about the purported investor and the fact that he was expecting a check from that investor.

By barring the use of the emails, the Court limited Mr. Ajayi's ability to present a defense. The government took full advantage of this ruling by pressing forward with the argument that GRIcon was not a legitimate business, that GRIcon had negative bank account statements and that, in essence, the MRI story was a fraud. The emails would have operated to rebut the government's theory in that respect and given the jury context for Ajayi's testimony.[3]

Defense counsel made an offer of proof at trial as to why the emails were relevant, non-hearsay documents and said emails were made part of the record. Because exclusion of the emails substantially hampered Ajayi's ability to present a defense and denied Ajayi a fair trial, the Court should order a new trial.

Defense counsel also incorporates objections made during the trial, instructions conference, and closing arguments. Further, counsel reserves the right to supplement this motion at a later date.

---

[3] On a second occasion the defense attempted to introduce the challenged emails after the government cross examined Ajayi about certain dates. Ajayi argued the government had opened the door to the introduction of said emails. The court again sustained Ajayi's objection and this too is alleged as error.

Respectfully submitted,

s/ Damon M. Cheronis
One of Abidemi Ajayi's Attorneys

DAMON M. CHERONIS
Law Office of Damon M. Cheronis
53 W. Jackson Blvd., Suite 1750
Chicago, Illinois 60604
T: 312.663.4644

IAN M. BARNEY
Law Office of Damon M. Cheronis
53 W. Jackson Blvd., Suite 1750
Chicago, Illinois 60604
T: 312.663.4644

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on January 21, 2014, I electronically filed the foregoing **Defendant Ajayi's Combined Motion for Judgment of Acquittal, Motion in Arrest of Judgment, and Motion for a New Trial** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the