UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 CR 190 |
| | ) |
| ABIDEMI AJAYI, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Abidemi Ajayi was found guilty of five counts of bank fraud and one count of money laundering, all arising from a November 2009 incident in which he deposited a stole and altered check into a bank account he controlled, and then rapidly withdrew much of the money. Ajayi has moved for a judgment of acquittal or for a new trial. The motion is denied.

The jury heard testimony from Daniel Corcoran, an official at the American Building Maintenance Company, the company whose check was altered. Corcoran testified about his discovery that an altered check had been deposited into the JP Morgan Chase bank account of GR Icon International, a company that had no relationship to the victim. GR Icon, an apparently inactive business, had been dissolved by the Illinois Secretary of State on several occasions, and had a balance of $90.00 at the beginning of November 2009. As the government established through the testimony of James O'Shea, an investigator at the JP Morgan Chase Bank, it was Defendant who controlled the GR Icon account. Through O'Shea, the government introduced photographs of Defendant conducting transactions involved in this case, documents reflecting ATM activity on the GR Icon account, copies of checks drawn on that account and payable to Defendant, and the GR Icon bank statements. Dawn Hardwick, another investigator, testified that immediately after cashing one of the checks written to himself in one Chase branch, Defendant conducted a $53,000 wire transfer, and then traveled to another Chase branch bank to cash another check. Evidence showed that in just a few days after the altered

check cleared, Defendant traveled from bank to bank, personally conducting multiple withdrawals between the time the check cleared and the fraud was detected, and made several debit card purchases.

The jury acquitted Defendant of the charge of possessing and using an altered check. His conduct after the check cleared was nevertheless sufficient to support the jury's determination that he knew he was not entitled to that money, and that he knowingly engaged in a scheme to defraud the Chase bank. Defendant testified in his own defense that he received the check from a man named Brown after a chance encounter on an airplane, deposited the check at an ATM, and then after the check had cleared, made frantic efforts to return a large portion of the funds to Brown. The jury was entitled to disbelieve that testimony and to conclude that Defendant was a participant in wrongdoing, not a victim of it.

Defendant urges that the court erred in excluding copies of certain e-mail communications, but the court stands by that ruling. The communications appeared to be from a company unconnected with GR Icon and had nothing to do with Brown. Thus, they do not in fact support the contention that Defendant was acting in good faith when he deposited the check and rapidly withdrew the money, and had no other apparent relevance.

Defendant's motion for a judgment of acquittal or a new trial [58] is denied.

ENTER:

Dated: April 29, 2014

_____
REBECCA R. PALLMEYER
United States District Judge

2