```
                   IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


    UNITED STATES OF AMERICA,      )
                                   )
                  Plaintiff,       )   Docket No. 12 CR 190
                                   )
             vs.                   )
                                   )
    ABIDEMI AJAYI,                 )   Chicago, Illinois
                                   )   November 20, 2013
                  Defendant.       )   10:47 a.m.


                       TRANSCRIPT OF PROCEEDINGS -
                         Final Pretrial Conference
                   BEFORE THE HONORABLE REBECCA R. PALLMEYER


    APPEARANCES:


    For the Plaintiff:         HON. ZACHARY T. FARDON
                               UNITED STATES ATTORNEY
                               BY:  MS. YASMIN N BEST
                            /       MS. NICOLE M. KIM
                               219 South Dearborn, 5th Floor
                               Chicago, Illinois  60604


    For the Defendant:         LAW OFFICES OF DAMON M. CHERONIS
                               BY:  MR. DAMON M. CHERONIS
                               53 West Jackson Boulevard, Suite 1750
                               Chicago, Illinois  60604




    Court Reporter:            FRANCES WARD, CSR, RPR, RMR, FCRR
                               Official Court Reporter
                               219 S. Dearborn Street, Suite 2144A
                               Chicago, Illinois  60604
                               (312) 435-5561
                               frances_ward@ilnd.uscourts.gov
```

1    THE CLERK: 12 CR 190, United States versus Abidemi
2 Ajayi for pretrial conference.
3    MS. BEST: Good morning, your Honor.
4    Yasmin Best and Nicole Kim on behalf of the United
5 States.
6    THE COURT: Good morning.
7    MR. CHERONIS: Good morning, your Honor.
8    Damon Cheronis on behalf of Mr. Ajayi.
9    I do apologize for being late. It was out of my --
10 out of my hands.
11    THE COURT: No problem. I know you were in another
12 courtroom.
13    We are here for the final pretrial conference for
14 the trial set to start December 2nd.
15    I have seen the government's motions *in limine*, and
16 I also took a moment to prepare a draft questionnaire and
17 letter that I will want you to look at and comment on. I
18 think my assistant is printing that out right now.
19    Mr. Cheronis, have you had a chance to review the
20 proposed -- the government's motions *in limine*?
21    MR. CHERONIS: I have, your Honor. I believe they
22 are the routine motions. I normally don't have any
23 objections to those, other than the jury nullification
24 instruction, which I am not even being serious about.
25    I have no objection to any of those, your Honor.

1     THE COURT: Well --
2     MR. CHERONIS: There is a motion that won't allow
3  me to argue for jury nullification.
4     THE COURT: All right. Well, we've got -- we've
5  got -- one of the things I wanted to ask is how long -- first
6  of all, you are right, Mr. Cheronis. These are standard
7  motions, and they will be granted. I'll enter a brief order
8  on those as well.
9     About how long do you expect this will go?
10    MS. BEST: Your Honor, we are drafting some
11 proposed stipulations, which I think are the only thing that
12 will really impact it.
13    I told Mr. Cheronis yesterday, I think we have
14 between one and six witnesses, realistically, and several of
15 those are related to the FDIC and whether the victim -- the
16 banks that are involved operated in interstate commerce.
17    Assuming we get stipulations regarding that, we are
18 realistically looking at four or five witnesses, and I don't
19 anticipate it will go longer than Wednesday.
20    MR. CHERONIS: I agree with that.
21    THE COURT: That's great. Okay. Fine.
22    Then we will plan to pick the jury on that Monday,
23 and I would assume I can hear your openings and maybe the
24 first witness, even, Monday, if that works out.
25    Will there be witnesses from the financial

1  institutions, or is that what you are expecting to be the
2  subject of stipulations?
3              MS. BEST:  We do anticipate having one witness from
4  JPMorgan Chase to testify, really, about -- one, to be a
5  records custodian regarding bank statements and the check and
6  how it was deposited, as well as video stills that were taken
7  of the defendant at the time of a number of the transactions
8  that are charged in the indictment.
9              There is a potential that we would have a witness
10 from Bank of America.  That really goes to the interstate
11 commerce issue.  And then someone from the FDIC.
12             But, realistically, if we get the stips, then I --
13 then I anticipate it will just be one witness from the
14 financial institution.
15             THE COURT:  And what -- just out of curiosity, what
16 is the investigating agency?  Was it the FBI?
17             MS. BEST:  No.  It's postal inspection service.
18             THE COURT:  Postal Service.  Okay.  I usually
19 mention that in the questionnaire and ask if they have any
20 problems with it.  So I will change the language from FBI.
21             But I'll want you to look at the questionnaire
22 anyway, and just tell me whether you have changes that you
23 want or additional questions.  This is relatively brief, so
24 we could add questions.
25             The only thing that I really kind of insist on is

1  it be two sides of one page. So, you know, I don't want it
2  to be any longer than that. But the version I have got is
3  usually fine.
4      Let me just make sure -- let's find out whether she
5  has got that ready.
6      (Brief pause.)
7      THE COURT: My deputy reminds me. Actually this is
8  not going to work out as smoothly as I had hoped.
9      I can certainly pick the jury on Monday, but
10 probably will have to leave by middle of the afternoon. And
11 then we have to recess -- I'm sorry; I had forgotten about
12 this -- for a meeting that I have that was scheduled
13 relatively recently.
14      And right now, I am trying to remember. I think I
15 get back on Wednesday. So it may be -- I apologize for this.
16 I should have -- I should have brought it up right away. It
17 may be that we will pick the jury on Monday, and then resume
18 the trial on Thursday and then finish maybe early the
19 following week, if it takes more than the two days.
20      MS. BEST: So no court on Tuesday or Wednesday?
21      THE COURT: You know, let me make sure I am right
22 about that. Again, the meeting was scheduled relatively
23 recently, and I'm not on top of this.
24      (Brief pause.)
25      THE COURT: Let's do this. Let's start -- let's do

1  the jury selection starting right at 9:00 o'clock on Monday.
2  And given how brief the trial is, I'm confident
3  that all we need is the 14 jurors. I mean, we may not even
4  need that many, but 14 will really do it.
5  And then, why don't I -- why don't I ask, given the
6  recess that I am going to require you to take, that we just
7  break after jury selection, and you can do your openings
8  Thursday.
9  And I apologize. I had forgotten all about this
10  conflict.
11  And we'll say that your openings would be on
12  Thursday. I am going to move things around and have you
13  start at 9:30.
14  So when we pick the jury, I will give them these
15  instructions: That we are picking the jury today. We are
16  going to hear evidence on Thursday and Friday. And if, for
17  whatever reason, we are not finished, it would push into the
18  following Monday.
19  MS. BEST: Your Honor, how late in the day do you
20  typically go?
21  THE COURT: I typically go until 5:00 o'clock. I
22  think 4:00 o'clock on Thursday is the day that Judge Ellis is
23  being sworn in. So I would probably want to the get there
24  for at least part of her ceremony. But we could go up until
25  4. Maybe until 4:30.

1    Why don't you just give me a moment, and I am going
2    to get those questionnaires. I am not sure what the delay
3    is. I will be right back.
4         (A brief recess was taken at 10:55 a.m.)
5         THE COURT: What I will want you to focus on is the
6    language that I have inserted in the front, first paragraph
7    describing the case. You may want to use different language
8    there.
9         (Document tendered.)
10        THE COURT: And then there is a questionnaire that
11   I am very much open to your suggestions about what additions
12   or subtractions you think are appropriate.
13        I'll also change the language in the first
14   paragraph regarding the schedule.
15        (Brief pause.)
16        THE COURT: And, you know, you're not required to
17   make decisions about that right now. If you want to let us
18   know by e-mail.
19        MS. BEST: We will do so, your Honor. We'll send
20   an e-mail, I guess, to your proposed order e-mail address?
21        THE COURT: You know, actually, the best thing to
22   do is send your suggestions on the letter or questionnaire to
23   my assistant. Here is her card.
24        (Document tendered.)
25        THE COURT: All right. Any other issues?

1       Again, apart from the scheduling problem -- I
2  apologize for that -- are there any other issues regarding
3  our trial?
4       MR. CHERONIS:  Your Honor, there is none that I can
5  think of right now.  There may be a potential issue, a motion
6  *in limine* I may have to file down the road, but I have spoken
7  to the government regarding that, and I don't think it's
8  really ripe right now.
9       If they turn over some more evidence and I deem it
10 necessary, I will certainly file that.  It has to do with
11 potential prior convictions.  Mr. Ajayi has some sort of
12 disposition in Belgium.  I don't have any documents regarding
13 that.  I don't think the government is going to proceed with
14 that unless they have some sort of documents to substantiate
15 that.
16      If they were to turn those over and I reviewed
17 them, I very well may make a motion to bar them from using
18 that to impeach him if he testifies.
19      But that's the only issue I can really see right
20 now.
21      MS. BEST:  That's correct, your Honor.
22 Mr. Cheronis and I have talked about that.
23      The only other issues are that we are turning over
24 charts and summaries as those are prepared.
25      And the last issue that I mentioned to

1  Mr. Cheronis, just earlier, was that back in June, your Honor
2  entered an order regarding tax returns for Mr. Ajayi and his
3  business.
4              Because of the time it takes for the IRS to produce
5  that and in light of the shutdown, I still don't have those
6  documents.  I anticipate getting them this week.
7              If we do need to do an order to disclose them to
8  Mr. Cheronis, we will do so.  I just haven't received them
9  from IRS yet, and I understand that it took them a while with
10 the shutdown and then ramping back up to finalize those.
11             So that's the only other thing I anticipate:  Just
12 a potential order to disclose those in case the government
13 decides to use it either in its case-in-chief or during
14 rebuttal.
15             MR. CHERONIS:  I may file a motion based on that as
16 well, but I don't think it will be anything too complicated.
17             THE COURT:  All right.  That's fine.  If you do,
18 let us know if we need to have you in again between now and
19 the 2nd.
20             MS. BEST:  Your Honor, the only other question I
21 had is regarding proposed jury instructions and what your
22 preference is for those.
23             We've gone ahead and at least started our draft of
24 our proposed jury instructions.  I haven't tendered them to
25 Mr. Cheronis yet, so I don't know whether he agrees with

them, whether he would have any objections. But just in terms of timing, I wasn't sure what your -- what your preference is for those.

THE COURT: What I'd like is if you could get me a set of them by -- well, let's see. If we start on -- if you can get me a set even, you know, the Friday before -- I think that's, unfortunately, the Friday after Thanksgiving. But I only need a couple of days to look at them before jury selection is my point.

And then what we'll do is take a -- you know, we'll look at them. Usually I do that at the conclusion of testimony one afternoon if there are any objections. Sometimes there aren't any. Sometimes one side or another wants to tender, you know, a few more. We can talk about that.

So I have an instructions conference, in other words, during the trial, typically after testimony one afternoon. In a short trial, such as this, I would probably do it maybe even that Thursday.

But you'll know. I mean, as long as we have had a chance to look at them, Mr. Cheronis will know whether he has got any concerns or whether he wants to propose any. It takes -- it doesn't take a terribly long amount of time, as long as we have had a chance to look at them before the trial starts.

1  MR. CHERONIS: Thank you.

2  And Ian Barney from my office is going to be trying

3  the case with me. He is elsewhere today.

4  THE COURT: Great.

5  And Mr. Ajayi is not in custody?

6  MR. CHERONIS: He is not. He is working in

7  Madison, which is why he couldn't be here today for his

8  pretrial conference.

9  THE COURT: That's fine. Thank you.

10  MR. CHERONIS: Thank you.

11  MS. BEST: Thank you, your Honor.

12  (An adjournment was taken at 11:00 a.m.)

13     \*   \*   \*   \*   \*

14  I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

15

16  /s/ Frances Ward                 September 17, 2014.
Official Court Reporter

17  F/t